**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

_____

**APPEAL NO. 23-10463-AA**

**DISTRICT COURT NO. 6:17-cr-257-PGB-LHP**

_____

**UNITED STATES OF AMERICA,**

**Appellee,**

**vs.**

**STEVEN MICHAEL MARKS,**

**Appellant.**

_____

**INITIAL BRIEF OF APPELLANT**

**APPEAL FROM THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

_____

**RYAN THOMAS TRUSKOSKI, ESQ.**
**RYAN THOMAS TRUSKOSKI, P.A.**
**Florida Bar No. 0144886**
**P.O. Box 788**
**Land O' Lakes, FL 34639-0788**
**Telephone (407) 841-7676**
**Email: Rtrusk1@aol.com**

**DATE:  May 11, 2023**

No. 23-10463-AA

*United States of America v. Steven Michael Marks*

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Eleventh Circuit Rule 26.1-1, I hereby certify that the following persons listed below are the parties interested in the outcome of this case:

1.  Andrejko, Nicole M., Esq., Trial Counsel for United States

2.  Byron, The Honorable Paul G., United States District Judge

3.  Chang, Emily, Esq., Trial Counsel for United States

4.  Foster, Todd Alan, Esq., Trial Counsel for Defendant

5.  Marks, Steven Michael, Defendant

6.  Mahoney, Mark J., Esq., Trial Counsel for Defendant

7.  Gardella, John M. Esq., Trial Counsel for United States

8.  Hoffman, The Honorable Leslie R., United States Magistrate Judge

9.  Spaulding, The Honorable Karla R., United States Magistrate Judge

10.  Truskoski, Ryan Thomas, Esq.,  Appellate Counsel for the Defendant

There are no corporate, non-governmental entities in this case.

i

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant does *not* request oral argument. The facts and legal arguments are adequately presented in the briefs and record, and the decision-making process would not be significantly aided by oral argument. See Fed. R. App. P. 34(a)(2).

## CERTIFICATION OF TYPE SIZE AND STYLE

The Appellant certifies that 14-point Times New Roman font is used in this brief.

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

The Appellant certifies that this brief contains 5,397 words and therefore complies with the word limit of Fed. R. App. P. 32(a)(7)(B).

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . ii

CERTIFICATION OF TYPE SIZE AND STYLE. . . . . . . . . . . . . . . . . . . . . . . ii

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION. . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

TABLE OF CITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION. . vii

NOTICE OF RELATED CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .viii

STATEMENT OF THE CASE AND FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . 1

     Appeal Waiver. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     Competency Issues. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     Sentencing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

SUMMARY OF THE ARGUMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

ARGUMENT 1:

    THE DISTRICT COURT ERRONEOUSLY PLACED THE

    BURDEN OF PROOF ON THE DEFENDANT TO PROVE

    THAT HE WAS NOT COMPETENT TO PROCEED TO TRIAL . . . . . . . 13

        A.  Preservation of Error and Standard of Review. . . . . . . . . . . . . . 13

        B.  Merits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        C.  Prejudice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

ARGUMENT 2:

    THE DISTRICT COURT ERRONEOUSLY DETERMINED

    THAT THE DEFENDANT WAS COMPETENT TO PROCEED

    TO TRIAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

        A.  Preservation of Error and Standard of Review. . . . . . . . . . . . . . 20

        B.  Merits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

# TABLE OF CITATIONS

CASES CITED

Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981). . . . . . . . . . . . . . . . . 14

Cooper v. Oklahoma, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996). . . .15

Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). . . . . . . . .21

Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). . . . . .21

Lafferty v. Cook, 949 F.2d 1546 (10th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . 23

Medina v. Singletary, 59 F.3d 1095 (11th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . 22

Riggins v. Nevada, 504 U.S. 127, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992). . . . . 21

United States v. Bradley, 644 F.3d 1213 (11th Cir. 2011). . . . . . . . . . . . . . . . . . . . 14

United States v. Calek, 48 F.Supp.2d 919 (D. Neb. 1999). . . . . . . . . . . . . . . . . . . .23

United States v. Cruz, 805 F.2d 1464 (11th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . .22

United States v. DiGilio, 538 F.2d 972 (3d Cir. 1976). . . . . . . . . . . . . . . . . . . . . . 16

United States v. Frank, 956 F.2d 872 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Hogan, 986 F.2d 1364 (11th Cir. 1993). . . . . . . . . . . . . . . . . . . . . 20

United States v. Hollis, 569 F.2d 199 (3d Cir. 1977). . . . . . . . . . . . . . . . . . . . . . .  17

United States v. Izquierdo, 448 F.3d 1269 (11th Cir. 2006). . . . . . . . . . . . . . . . . .14

United States v. Makris, 535 F.2d 899 (5th Cir. 1976). . . . . . . . . . . . . . . . . .12,14,16

United States v. Marks, 21-13319-V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .vii

v

United States v. Mason, 935 F.Supp 745 (W.D. N.C. 1996). . . . . . . . . . . . . . . . . 16

United States v. Medina, 59 F.3d 1095 (11th Cir. 1995). . . . . . . . . . . . . . . . . . . . .15

United States v. Merriweather, 921 F.Supp.2d 1265 (N.D. Ala. 2013). . . . . . . . . .16

United States v. Ramirez, 491 Fed.Appx. 65 (11th Cir. 2012). . . . . . . . . . . . . . . . 20

United States v. Shamsid-Deen, 61 F.4th 935 (11th Cir. 2023). . . . . . . . . . . . . . . 13

United States v, Talley, 2010 WL 4791821 (SD. Fla., November 18, 2010). . . . . 16

United States v. Teague, 956 F.2d 1427 (7th Cir. 1992). . . . . . . . . . . . . . . . . . . . .16

United States v. Thomas, 519 F.Supp.2d 135 (D. Me. 2007). . . . . . . . . . . . . . . . .19

United States v. Verdino, 2010 WL 1979428 (N.D. Ill. 2010). . . . . . . . . . . . . . . 24

OTHER AUTHORITIES

18 U.S.C. § 2422(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .vii

18 U.S.C. § 3742(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

18 U.S.C. § 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

18 U.S.C. § 4241 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Fed. R. App. P. 32(a)(7)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Fed. R. App. P. 34(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

This is a direct appeal from a final judgment of guilt in a criminal case in the United States District Court for the Middle District of Florida. The district court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 18 U.S.C. § 3742(a). The judgment was entered on February 1, 2023. Doc. 375. The notice of appeal was timely filed on February 10, 2023. Doc. 378.

## NOTICE OF RELATED CASE

There is a pending interlocutory appeal in this case. See United States v. Marks, 21-13319-V. The issue concerns getting CJA reimbursement for a forensic psychiatrist that was chosen by the defense. The case is currently scheduled for oral argument on June 29, 2023.

## <u>STATEMENT OF THE ISSUES</u>

<u>ISSUE 1</u>:  Who has the burden of proof in a competency hearing?

<u>ISSUE 2</u>:  Whether there was legally sufficient evidence presented by the

government to prove that the defendant was competent to stand trial?

## <u>STATEMENT OF THE CASE AND FACTS</u>

This 2017 case has a long and complicated history concerning the defendant's competency. There was a two-day trial concerning the defendant's competency in 2019 and a three-day trial concerning competency in 2021.

The defendant was eventually found to be competent and he pled guilty to enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Doc. 375. The defendant was sentenced to one hundred fifty six (156) months imprisonment (13 years) Doc. 375 at 2.

<u>APPEAL WAIVER</u>

The change of plea hearing was held on November 3, 2022. Doc. 388. As possibly relevant here, there is an appeal waiver in this case. It is not clear whether the government will seek to enforce it.

The appeal waiver in the plea agreement states that the defendant can only appeal if the sentence exceeds the guideline range, exceeds the statutory maximum, violates the Eighth Amendment to the Constitution, or if the government appeals. Doc. 183 at 15-16.

At the change of plea hearing, the district court questioned the defendant

about these provisions and the defendant said he understood them. Doc. 388 at 37-38. Defense counsel subsequently clarified that the order finding the defendant competent to proceed is not covered by the appeal waiver. The district court agreed. Doc. 388 at 47-48.


COMPETENCY ISSUES

As relayed by the district court: "This case has a long history regarding Mr. Marks's diagnosis of Autism Spectrum Disorder ("ASD") and the effect of that diagnosis on his competence to stand trial and criminal culpability." Doc. 179 at 2.

On January 4, 2019, the parties filed a joint motion for a competency evaluation of the defendant. Doc. 47. Following the competency evaluation, the Magistrate Judge conducted a two-day evidentiary hearing on the issue of competency to stand trial in 2019. Docs 68, 70.

The Magistrate Judge issued a Report and Recommendation finding the defendant incompetent to proceed. Doc. 76 (68 page order). The district court conducted its own review of the evidence and reached the opposite conclusion, and rejected the Report and Recommendation. Doc. 95 (37 page order).

A second competency trial was held in December 2021. After a three-day

evidentiary hearing (docs. 292, 294, 296), the Magistrate Judge found that the

defendant was competent. Doc. 302 (108 page order). The district court agreed and

adopted the Magistrate's finding of competency. Doc. 316 (55 page order).

After the first competency proceedings in 2019, the Magistrate held that,

"there is no dispute that Marks presently suffers from various mental conditions

and illnesses, including ASD. Nevertheless, not every manifestation of mental

illness demonstrates incompetence to stand trial;  rather, the evidence must indicate

a present inability to assist counsel or understand the charges." Doc. 76 at 6

(quotations and citation omitted).

The Magistrate relayed that the defendant "contends that he is not competent

to stand trial based on the opinions of both Dr. Geller and Dr. Danziger, both of

whom interviewed Marks and administered and/or reviewed numerous test results.

According to these experts, Marks is both unable to understand the nature and

consequences of the proceedings against him, and is unable to assist properly in his

defense. The United States argues that Marks is competent to stand trial based upon

the opinion of the Court-appointed expert, Dr. Otto." Doc. 76 at 49.

The Magistrate held that the testimony of Dr. Geller was generally

informative, but will not be given much weight (other than as additional support for

Dr. Danziger's opinion) for three reasons. Doc. 76 at 50.

3

Dr. Geller is not a forensic psychologist, she was invested in the future of the defendant, and she focused on whether the defendant had the intent to commit the crimes (which is only relevant as a mitigating factor at sentencing, for example), instead of focusing on competence to stand trial. Doc. 76 at 50.

The Magistrate held that the defense had the better argument on whether the defendant understands the nature and consequences of the proceedings against him and that Dr. Danziger's report and opinion was more credible and revealing of the defendant's true competency to stand trial. Doc. 76 at 51.

"In sum, the undersigned finds that the preponderance of the evidence establishes that Marks is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he does not possess a rational as well as factual understanding of the nature and consequences of the proceedings against him." Doc. 76 at 54.

As to whether the defendant can assist properly in his own defense, the Magistrate again credited the testimony of Dr. Danziger over the government's expert ("more weight," "highly persuasive"). Doc. 76 at 60, 61.

The Magistrate found that "based upon the testimony and exhibits presented to the Court, along with a consideration of the expert reports and the undersigned's own observations of Marks' behavior," the defendant is also not able to assist in his

4

defense. Doc. 76 at 63.

The district court issued an order rejecting the Magistrate's determination. Doc. 95. The district court did concur with the Magistrate's negative credibility conclusions with regard to defense expert Dr. Geller. Doc. 95 at 12.

The district court found that government expert Dr. Otto's recorded interview was more persuasive than Dr. Danziger's summary of the interview. Doc. 95 at 34. The district court found that the defendant can understand the nature and consequences against him and can consult properly with his lawyer . Doc. 95 at 34-35.

Subsequently, there was a second round of competency proceedings in 2021. The defense moved for a competency examination. Docs. 186, 187. The government did not oppose. Doc. 193. The district court granted the request for a second round of testing, noting that the government "does not oppose the request for a hearing and agrees that Mr. Marks' counsel's claims sufficiently establish a 'reasonable basis' for a competency hearing." Doc. 200 at 1.

At the evidentiary hearing, the primary witness for the government was Dr. Ashley Jenkins and the primary witness for the defense was Dr. Rosa Negron-Munoz.

The Magistrate found that the defendant has a factual and rational

understanding of the proceedings because he knows the penalties, the concept of "perjury," he is able to identify defenses, and able to identify the evidence against him. He is aware that the jury would decide an insanity defense and that the judge will impose any sentence. Doc. 302 at 82-83.

"Although Marks' attorneys argue that he cannot remember these concepts, the evidence does not support this assertion . . . Moreover, when he does become confused or forgetful, such as when he confuses the judge and the jury as the entity that renders a verdict, Marks either later corrects himself or is able to be educated on the matter." Doc. 302 at 84-85.

"Again, the evidence supports a finding that Marks has 'some ability' to confer intelligently and testify coherently, to follow the evidence presented and have 'some awareness' of the significance of the proceedings, the charges and defenses, and the basic elements of a criminal trial." Doc. 302 at 87.

"Although Dr. Negron-Munoz opined that Marks lacks a rational understanding, I find her opinions less persuasive than Dr. Jenkins. Dr. Jenkins evaluated and observed Marks over the course of approximately 30 consecutive days . . . In contrast, Dr. Negron-Muinoz only evaluated Marks via an online platform for a total of approximately four (4) hours and two of her meetings with Marks were for the purposes of assessing an insanity defense, not to determine

competency." Doc. 302 at 91-92.

The Magistrate found "Dr. Negron-Munoz's opinions less persuasive because they are inconsistent with the other evidence of record" (doc. 302 at 93), and held that the defendant has both a factual and rational understanding of the proceedings against him. Doc. 302 at 94.

As for the ability to consult with counsel, Marks is able to retain and recall information. Doc. 302 at 96. "While Marks did not recite every single fact of his case, that is not required in order to find him competent." Doc. 302 at 96. "Marks is able to discuss the offense conduct, as he did with Dr. Negron-Munoz and with the police detectives." Doc. 302 at 97.

"When he is made to read his online chats, he understands their graphic nature and becomes very upset, questioning why he would engage in such behavior – this demonstrates an understanding of the nature of the written material and an ability to evaluate it." Doc. 302 at 98.

"Simply put, the evidence, via Marks' own words and the opinions of Dr. Jenkins, which I find persuasive, shows that he has the capability of weighing the advantages and disadvantages of testifying at trial, and of weighing the risks and benefits of going to trial versus accepting a plea agreement, and then deferring to the advice of his counsel – advice Marks says he will follow even if his parents

7

suggest a different course – because his attorneys are more knowledgeable in the law." Doc. 302 at 101.

"What defense counsel and Dr. Negron-Munoz are seeking is to impose a much higher standard upon Marks – that of 'decisional competency.' But as discussed throughout this report, that standard simply does not apply here – Marks is able to be represented by lawyers, and therefore is not required to make these decisions without their advice and counsel." Doc. 302 at 102.

"While the evidence shows that Marks possesses some language limitations, those limitations do not equate to a finding of incompetency under *Dusky*. Further, I believe that any difficulties Marks may experience can be ameliorated to some extent by allowing him additional time to discuss the evidence and testimony with his counsel." Doc. 302 at 105.

"In sum, there can be no dispute that Marks suffers from ASD with some degree of accompanying language impairments. But there also can be no dispute that Marks' condition – in particular his cognitive and adaptive functioning – has not and will not, change. Doc. 302 at 105.

"Based on the evidence presented in 2019, the [district court] found Marks to be competent. The only new evidence since that time consists of the 30 hours of video recordings between Marks and his attorneys, which have been reviewed and

interpreted by three different experts. Marks argues that this new evidence conclusively establishes that he is incapable of making any autonomous decisions, in addition to suffering from severe memory deficits and deficits in adaptive functioning, and therefore he is incompetent to proceed." Doc. 302 at 105-106.

"Having reviewed those video recordings, as well as the wealth of other evidence and testimony submitted over a three-day evidentiary hearing, crediting the opinions of Dr. Jenkins over those of Ms. Bennett and Dr. Negron-Munoz, and applying the correct legal standards, the undersigned disagrees." Doc. 302 at 106.

"It is highly probable that one of the objections Marks will raise to this report is the fact that in my 2019 Report and Recommendation, I reached opposite conclusions, and found Marks incapable of making autonomous decisions and thus incompetent. However, the *sine qua non* of the present competency proceedings is Marks' argument that the evidence presented in 2019 and conclusions derived therefrom were purely speculative and forward thinking, and it is only now, after attempts to educate Marks, that there is sufficient evidence to determine competency." Doc. 302 at 107, fn 59.

The defense filed an objection to the Report and Recommendation. Doc. 307. The government filed a response in opposition. Doc. 308. The defense then filed a reply to the government's response. Doc. 314. The district court overruled the

objection and agreed with the Magistrate that the defendant was competent. Doc. 316.

The defense argued, *inter alia*, that the Magistrate recognized from her own direct observation of one of the recordings, that the defendant was simply incapable of making the decision of whether to accept the plea agreement or proceed to trial. Doc. 307 at 3.

The defense contended that the Magistrate did so without any expression of doubt about the fact that this inability to decide is the result of the defendant's autism related deficits. The Magistrate accepts the fact that it was only upon his attorney's bare advice to accept the plea agreement that the defendant was able to make the choice. The Magistrate accurately predicted this would happen (in her 2019 report). Doc. 307 at 3.

SENTENCING

The defendant was sentenced on January 31, 2023. Doc. 397. The defendant's advisory sentencing range was determined to be offense level 42, criminal history category I, with a range of imprisonment of 360 months imprisonment to life. Doc. 397 at 4.

10

The district court said it considered the section 3553(a) factors and sentenced the defendant to one hundred fifty-six (156) months imprisonment. Doc. 397 at 86. The defendant timely filed his notice of appeal and his initial brief follows.

## SUMMARY OF THE ARGUMENTS

There is binding precedent in this Circuit that the government bears the burden to prove that the defendant is competent to proceed to trial (*Makris*). The district court reversibly erred when it placed this burden of persuasion on the defendant. This Court would have to sit *en banc* to rule against the defendant on this issue. In any event, the defense proved through competent substantial evidence that the defendant was not competent to stand trial or otherwise proceed in this case.

**ARGUMENT 1:  THE DISTRICT COURT ERRONEOUSLY PLACED THE BURDEN OF PROOF ON THE DEFENDANT TO PROVE THAT HE WAS NOT COMPETENT TO PROCEED TO TRIAL**

A.   PRESERVATION OF ERROR AND STANDARD OF REVIEW

Rulings on issues of law are to be reviewed *de novo*. United States v, Shamsid-Deen, 61 F.4th 935, 944 (11th Cir. 2023) (the court of appeals is in as good a position to decide them as a district court is and the Supreme Court has recognized that a federal appellate court's primary function is as an expositor of law).

This argument is fully preserved for this Court's review because the defendant made this same argument below. Doc. 300 at 5-6;  Doc. 307 at 26-27; Doc. 314 at 6-7. The district court noted the objection and held that the defendant bore the burden to prove that he was incompetent. Doc. 316 at 5. The district court had ample opportunity to make the correct ruling. There is no plain error review in this case.

B.   MERITS

The first round of competency hearings came about via a formal joint motion between the defense and the government. For the second round, there was a motion by the defense but the government did not oppose. See Docs. 193;  200 at 1.

This is tantamount to a joint motion under the circumstances. Compare United States v. Izquierdo, 448 F.3d 1269, 1276-77 (11th Cir. 2006) (holding that the burden was on defendant because it was within the context of a motion to withdraw plea and noting in dicta that the competency statute contemplates the burden to be on the party making the motion).

The defense hereby states that it was error for the district court to assign the burden of proof to the defendant. In United States v. Makris, 535 F.2d 899 (5th Cir. 1976) [binding precedent for this Court via Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), because it was a Fifth Circuit case decided before September 30, 1981)], it was held that "[t]here can be no question that in federal cases the government has the burden of proving the defendant competent to stand trial . . ." Makris, 535 F.2d at 906.

The district court relayed (doc. 316 at 5), that in United States v. Bradley, 644 F.3d 1213, 1268 (11th Cir. 2011), this Court said that:  "While earlier precedent

14

tends to the contrary, [*see Makris*] . . . 'we have since decided that a petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence,'" *citing* <u>United States v. Medina</u>, 59 F.3d 1095, 1106 (11th Cir. 1995).

However, it was error for the district court to rely on this because the <u>Bradley</u> decision did not turn on this issue so it is dicta. Regardless, <u>Medina</u> was a state habeas case where the "petitioner" had the burden of proof. This case does not apply to the "appellant" in this direct federal appeal.

The district court also noted (doc. 316 at 5), that the United States Supreme Court held in <u>Cooper v. Oklahoma</u>, 517 U.S. 348, 362, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence. 18 U.S.C. § 4241."

Significantly, this holding is also dicta and an otherwise erroneous opinion of the true state of Congressional intent. Significantly, the statute is silent on the burden of proof. The statute provides the standard of proof, but not who bears its burden. Had Congress wanted the defendant to bear the burden it would have said so. Due to the statute's silence, the rule of lenity requires the government to bear

15

the burden.

"The burden of proof of competency is on the Government to prove competency by a preponderance of the evidence. United States v. DiGilio, 538 F.2d 972 (3d Cir. 1976);  United States v. Makris, 535 F.2d 899 (5th Cir. 1976)." United States v. Mason, 935 F.Supp 745, 759-60 (W.D. N.C. 1996). See also United States v. Teague, 956 F.2d 1427, 1431 n.10 (7th Cir. 1992) ("[Government bears the burden");  United States v. Frank, 956 F.2d 872, 875 (9th Cir. 1991) ("Government has the burden").

Markris was never overruled but lots of dicta seems to have forgotten about it. In fact, Makris is binding precedent in this Circuit. See United States v. Merriweather, 921 F.Supp.2d 1265, 1291 (N.D. Ala. 2013) (*Makris* still binding as a Fifth Circuit case);  United States v. Talley, 2010 WL 4791821 at *10 (S.D. Fla., November 18, 2010) (burden on government because *Makris* is binding).

16

## C.  PREJUDICE

The district court's failure to place the burden of proof on the government necessitates reversal in this case. This alone is a dispositive issue in this appeal. The defendant was not competent to enter a plea in this case.

In <u>United States v. Hollis</u>, 569 F.2d 199 (3d Cir. 1977), the Third Circuit succinctly explained the reason for placing the burden on the government:

> [F]irst, in order for a criminal proceeding to be fair, our system requires a defendant be competent;  and second, it would both basically be unfair as well as contradictory to say that a defendant who claims he is incompetent should be presumed to have the mental capacity to show that he is in fact competent.

<u>Id</u>. at 205.

The defendant hereby argues that placing the burden of proof on him to prove his competency was tantamount to an unconstitutional adverse presumption in violation of the Due Process Clause of the Fifth Amendment. This requires *per se* reversal. Competency to stand trial is so basic and integral that it must be considered a fundamental right. To hold otherwise would render the Sixth

17

Amendment a nullity.

Regardless, this is an extraordinarily close case and it is so close that had the burden been correctly placed there is more than a reasonable probability that the result would have been different. Regardless, the government cannot meet its burden to prove that the error was harmless. The issue is just too fundamental.

As argued below, the proper application of the burden of proof "is consequential here because the government has principally relied on non-clinical and colloquial arguments as to why the Court should not accept the defense evidence [r]ather than actual evidence. In this context, recognizing that the government actually does have a burden to come forward with *evidence* that is more probative is not a trivial thing." Doc. 300 at 6.

This is not a case where this Court is faced with diametrically opposite expert testimony and the appellant is dissatisfied that the trial court did not choose his version. The margins in this case are razor thin and the Magistrate actually decided in favor of the defense at one point.

Plus, given the sheer size and scope of the proceedings over the years (where a second round of proceedings was deemed necessary), proper application of the burden of proof matters in this case. There were a whopping 268 pages of trial court orders on competence.

18

As an aside, the law on this issue is overly complicated, to say the least. This Court should resolve it once and for all. However, the defendant hereby respectfully argues that this Court would need to sit *en banc* to rule against him because <u>Makris</u> is binding on whoever the three-judge panel is that gets assigned this case.

Way back in 2007, the Court in <u>United States v. Thomas</u>, 519 F.Supp.2d 135, 137 (D. Me. 2007), noted that "it is surprising that the question of whether the defendant or the government bears the burden of proof on the issue of competency remains unresolved."

It is now 16 years later and this still holds true. (<u>Thomas</u> went on to hold that the United States Supreme Court's statements about the burden of proof in <u>Cooper</u> were dicta. <u>Id</u>. at 138. This Court should do the same).[1]

_____

[1] Alternatively, since it is now the year 2023, it is all too clear that this issue is capable of repetition yet evading appellate review – so it qualifies as an exception to the mootness doctrine. It does not seem fair or just that such a fundamental structural question has not been conclusively answered. District Courts within the Eleventh Circuit itself treat the issue differently. <u>See</u> <u>Merriweather</u>;  <u>Talley</u>, *supra*. This should not be happening. Guidance is needed.

19

**ARGUMENT 2:  THE DISTRICT COURT ERRONEOUSLY DETERMINED THAT THE DEFENDANT WAS COMPETENT TO PROCEED TO TRIAL**

## A.   PRESERVATION OF ERROR AND STANDARD OF REVIEW

The defense repeatedly objected to the district court's finding of competency in this case. Accordingly, this issue is preserved for this Court's review. There is no plain error inquiry.

This Court has held that the clearly erroneous standard of review applies to a district court's determination of competency. United States v. Hogan, 986 F.2d 1364, 1372 (11th Cir. 1993). This Court expressly held that there is no *de novo* review because the district court has the opportunity to assess the credibility of the witnesses. Id.

## B.   MERITS

"A defendant has a due process right not to be tried or convicted while incompetent." United States v. Ramirez, 491 Fed.Appx. 65, 71 (11th Cir. 2012),

*citing* <u>Drope v. Missouri</u>, 420 U.S. 162, 171-72, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

"Competence to stand trial is rudimentary, for upon it depends the main part of those rights deemed essential to a fair trial . . ." <u>Riggins v. Nevada</u>, 504 U.S. 127, 139, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992) (Kennedy, J. concurring in judgment) (*citing* <u>Drope</u> at 171-72).

The federal competence standard is set forth in 18 U.S.C. § 4241, and provides:

> If, after [a] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d). <u>See also</u> <u>Dusky v. United States</u>, 362 U.S. 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960).

Stated differently, "the question is whether due to mental disease or defect, the defendant had sufficient present ability to consult with his lawyer with a

reasonable degree of understanding and whether he had a rational as well as factual understanding of the proceedings against him." United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986) (*quoting* Dusky, 362 U.S. at 402).

It is true that "not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) (citation omitted). However, the defendant in this particular case was incompetent.

The defendant did not have a present ability to assist counsel *and* did not understand the charges against him. He was incompetent to proceed to trial and/or enter a plea of guilt. The government did not meet its burden of proof and the defense did carry its burden of proof (if it even has such a duty).

The defense proved through competent substantial evidence that the defendant was not competent to stand trial or otherwise proceed in this case. The government primarily relied on non-clinical and colloquial arguments as to why the district court should not accept the defense evidence. The evidence the government presented was legally insufficient therefore the district court's finding of competence was clearly erroneous.

"A defendant lacks the requisite rational understanding if his mental

condition precludes him from perceiving accurately, interpreting, and/or responding appropriately to the world around him." Lafferty v. Cook, 949 F.2d 1546, 1551 (10th Cir. 1992). This is the case herein.

Part of this calculus includes the concept of decisional competency, that is, the ability of the defendant to rationally and competently make trial decisions. See United States v. Calek, 48 F.Supp.2d 919, 922-23 (D. Neb. 1999) (defendant arguing decisional competency and district court deeming the defendant incompetent due to his inability to make decisions pertinent to his legal defense, even when explained in simple concrete terms).

The defense and its experts were improperly faulted for allegedly arguing that the defendant needed to have the ability to make key decisions on his own without the advice of counsel. Doc. 307 at 2, 7. This was not done. At every point it was made clear that even with the advice of counsel, the defendant could not properly make these decisions. Doc. 307 at 7.

The defendant has severe deficits in working memory, intelligence, social skills, executive functioning, and adaptive functioning. The Magistrate's report (and subsequent district court adoption) focuses on the defendant's basic abilities that really have nothing to do with his ability to rationally understand the legal proceedings and principles or make rational decisions in this case.

23

Autism is typified by an "uneven profile of abilities." Doc. 307 at 23. So an autistic person is likely to have strengths in some areas. The Magistrate used these relative strengths and basic abilities as an excuse to disregard the actual severe deficits at issue.

The defendant in the case at bar presents the same as the defendant in United States v. Verdino, 2010 WL 1979428 at *6-7 (N.D. Ill. 2010). It was held that:

> Mr. Verdino lacks a rational understanding of the proceedings. He specifically has shown no ability to adequately consider the alternatives . . . that would present themselves should he be found competent. In order to decide whether to go to trial or plead guilty, Mr. Verdino must weigh, at a minimum, the consequences that would result from a plea of not guilty, such as presentation of the case to a jury and any sentence he may receive upon a jury verdict of guilty, against the consequences resulting from a guilty plea, including perhaps lesser but more certain punishment.
>
> *    *    *    *    *
>
> . . . Mr. Verdino also would be unable to contribute to his defense. While Mr. Verdino clearly understands that the prosecutor is his opponent, he seems

24

unable to understand why the prosecutor might describe his case in ways that

Mr. Verdino believes are untrue; that is, he has shown no ability to

understand the concept of rhetoric or argument. Nor does he appear to

understand testimony . . . [i]n other words, were this case proceed to trial,

Mr. Verdino's ability to participate in a defense strategy and provide his

attorney with pertinent information . . . would be significantly impaired.

Id. (citations and quotations omitted).

The governments experts in the case at bar ignored or at the very least discounted these legal standards.

The defense presented 30 hours of video recordings that proved both prongs of the competency test (unable to understand proceedings and unable to assist defense), where only one prong need be satisfied. This Court is in the same position as the trial judges to review this evidence. This Court is not hampered by an adverse credibility determination.

The Magistrate recognized from her own direct observation of one of the recordings that the defendant was simply incapable of making the decision of whether to accept the plea agreement or proceed to trial. Doc. 302 at 80.

The Magistrate did so without any expression of doubt about the fact that

25

this inability to decide is the result of the defendant's autism related deficits. The Magistrate accepted the fact that it was only upon his attorney's bare advice to accept the plea agreement that the defendant was able to make the choice. The Magistrate accurately predicted this would happen. Doc. 76 at 59. See doc. 307 at 3 (defense objection to R&R).

Government expert Dr. Jenkins failed to even view the critical video conference recordings of the defendant attempting to decide whether to execute the plea agreement and never tested the defendant on his abilities to make critical decisions. Doc. 314 at 4. Dr. Negron-Munoz did view all of this video evidence and did all appropriate testing. Contrary to the Magistrate's conclusion, the testimony of Dr. Negron-Munoz was *not* inconsistent with the evidence.

The defendant has severe language limitations and is not able to properly consult with counsel. He also cannot remember the key concepts once they are explained to him. These memory issues just magnify the problems caused by the severe deficits he already has. The evidence relied on by the government's experts does not support their testimony.

Contrary to the Magistrate's report, the defendant is not capable of "weighing" any of the key choices at issue (the decision to take a plea, whether to testify, etc.). Doc. 307 at 7-8. There was insufficient evidence to support such a

26

finding. The defendant just automatically defers to counsel. This is not competency.

## CONCLUSION

For all the foregoing arguments and authorities set forth herein, the Appellant, Steven Michael Marks, respectfully requests this Honorable Court to reverse and remand for a fair and accurate determination of the defendant's competency with the proper application of the burden of proof or outright reverse the finding of competency in this case. The defendant was not competent to enter his plea of guilt or otherwise proceed with the case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF to the Office of the United States Attorney on this 11th day of May 2023.

*/s/ Ryan Thomas Truskoski*

RYAN THOMAS TRUSKOSKI, ESQ.
RYAN THOMAS TRUSKOSKI, P.A.
Appellate Counsel for Appellant
Florida Bar No. 0144886
P.O. Box 788
Land O' Lakes, FL 34639-0788
(407) 841-7676
Email:  Rtrusk1@aol.com